# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RAYMOND E. BARFIELD,

                Plaintiff,

v.

SGT. POTVIN, DEMITRIS JETTERS, and OFFICER YIBELISSE ROSADA RIVERA,

                Defendants.

Case No. 25-CV-1183-JPS

**ORDER**

      Plaintiff Raymond E. Barfield, an inmate confined at Waupun Correctional Institution ("WCI"), filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights. ECF No. 1. This Order resolves Plaintiff's motion for leave to proceed without prepaying the filing fee and screens his complaint.

### 1.    MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE

      The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. *Id.* § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

      On September 4, 2025, the Court ordered Plaintiff to pay an initial partial filing fee of $14.28. ECF No. 8. Plaintiff paid that fee on September 25, 2025. The Court will grant Plaintiff's motion for leave to proceed

without prepaying the filing fee. ECF No. 2. He must pay the remainder of the filing fee over time in the manner explained at the end of this Order.

**2.     SCREENING THE COMPLAINT**

**2.1     Federal Screening Standard**

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799

F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Plaintiff's Allegations

Plaintiff names Defendants Sgt. Potvin ("Potvin"), Demitris Jetters ("Jetters"), Officer Yilbelisse Rosada Rivera ("Rivera"). ECF No. 1 at 1. On November 13, 2024, at approximately 3:50 p.m., Jetters and Officer O'Connel (non-defendant) escorted Plaintiff and placed him in Strip Cell 1. *Id.* at 2. At the time, Plaintiff was fully restrained with leg shackles and was handcuffed behind his back. *Id.* Plaintiff spoke with Captain Pawlyk (non-defendant) and Potvin about his phone call. *Id.* Afterwards, mental health professionals cleared Plaintiff to go back to his cell. *Id.*

At approximately 4:15 p.m., Potvin was there to escort Plaintiff back to his cell. *Id.* Plaintiff was not fighting at the time. *Id.* He told Potvin that he was cleared to return to his cell, that he was not on a two-man escort, and that Potvin could remove the leg shackles. *Id.* at 3. Potvin told Plaintiff that he would have to keep the leg shackles on until he returned to his cell; Plaintiff said, "okay." *Id.* After arriving at Plaintiff's cell, Potvin left to get Plaintiff his dinner. *Id.* Plaintiff told Potvin that he still had the leg shackles on. *Id.* Potvin laughed and walked away. *Id.*

Later, Plaintiff told Jetters that he still had the leg restraints on. *Id.* Jetters did not believe Plaintiff and said that Potvin had removed the shackles. *Id.* Jetters then walked away. *Id.* It was evident that no one was going to help Plaintiff, so he lay in his bed with the leg restraints visible and fell asleep. *Id.* Plaintiff woke up sometime during the third shift and told

Potvin that he still had the leg shackles on. *Id.* Potvin told Plaintiff that he was lying and walked off. *Id.* Plaintiff's ankles hurt at the time, but he fell asleep again. *Id.*

At approximately 6:23 a.m. the following day, Rivera woke Plaintiff up to ask him if he was going to take his medication. *Id.* Plaintiff told Rivera that he still had his leg restraints on; Rivera did not believe Plaintiff and walked away. *Id.* At approximately 7:30 a.m., Plaintiff told C.O. Tiffany (non-defendant) that he still had his leg restraints on. *Id.* Tiffany notified his superiors, and Plaintiff was removed from his cell and escorted to receive medical attention. *Id.* Plaintiff had severe pain and swollen ankles as a result of wearing the leg shackles for so long. *Id.* Plaintiff received ice as a result of this incident. *Id.*

### 2.3 Analysis

First, the Court will allow Plaintiff to proceed on an Eighth Amendment conditions of confinement claim against Potvin, Jetters, and Rivera. Generally, when a prisoner complains that he was restrained in a way that violated his Eighth Amendment rights, the court applies the "deliberate indifference" standard found in "conditions of confinement" cases: whether defendants consciously disregarded a substantial risk of serious harm to plaintiff. *See Hope v. Pelzer*, 536 U.S. 730, 737–38 (2002) (applying deliberate indifference standard to claim that defendants handcuffed prisoner to hitching post for seven hours); *Gruenberg v. Gempeler*, 697 F.3d 573, 579–80 (7th Cir. 2012) (applying deliberate

indifference standard to claim that defendants restrained prisoner for five days).[1]

To establish a constitutional violation with respect to an inmate's living conditions, he must be able to demonstrate both: (1) the conditions were objectively so adverse that they deprived him "of the minimal civilized measure of life's necessities," and (2) the defendants acted with deliberate indifference with respect to the conditions. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (quoting *Farmer*, 511 U.S. at 834). "Life's necessities include shelter, heat, clothing, sanitation, and hygiene items." *Woods v. Schmeltz*, No. 14-CV-1336, 2014 WL 7005094, at *1 (C.D. Ill. Dec. 11, 2014) (citing *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006)); *see also Budd v. Motley*, 711 F.3d 840, 842–43 (7th Cir. 2013).

Here, the Court finds that Plaintiff's allegations state an Eighth Amendment conditions of confinement claim. Plaintiff alleges that he was kept in leg shackles for over fifteen hours. Plaintiff also alleges that Defendants were aware of his issue, and they failed to help him. Plaintiff alleges severe pain and swelling as a result of Defendants' actions. At the early pleading stage, the Court finds that Plaintiff may proceed on an Eighth Amendment conditions of confinement claim against Potvin, Jetters, and Rivera.

---

[1] The Court notes that these types of allegations are sometimes analyzed as excessive force claims. *See, e.g., O'Malley v. Litscher*, 465 F.3d 799, 805 (7th Cir. 2006) (applying excessive force standard to claim that defendants placed plaintiff in five-point restraints for several hours, applied them too tightly, and refused to allow plaintiff to use the bathroom). In this case, however, the Court interprets Plaintiff's claims to be relating to his conditions of confinement.

Second, the Court will also allow Plaintiff to proceed against Potvin, Jetters, and Rivera on a state law claim for negligence. At this early stage, the Court will exercise its supplemental jurisdiction under 28 U.S.C. § 1367(a). To sustain a claim for negligence, Plaintiff must allege "(1) a breach of (2) a duty owed (3) that results in (4) an injury or injuries, or damages." *Paul v. Skemp*, 625 N.W.2d 860, 865 (Wis. 2001). As such, the Court will allow Plaintiff to proceed on a state law claim against Potvin, Jetters, and Rivera for negligence.

3. **CONCLUSION**

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claims pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** Eighth Amendment conditions of confinement claim against Potvin, Jetters, and Rivera.

**Claim Two:** State law negligence claim against Potvin, Jetters, and Rivera.

The Court has enclosed with this Order guides prepared by court staff to address common questions that arise in cases filed by prisoners. These guides are entitled, "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions." They contain information that Plaintiff may find useful in prosecuting his case.

Defendants should take note that, within forty-five (45) days of service of this Order, they are to file a summary judgment motion that raises all exhaustion-related challenges. The Court will issue a scheduling order at a later date that embodies other relevant deadlines.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 2, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that under an informal service agreement between the Wisconsin Department of Justice and this Court, a copy of the complaint and this Order have been electronically transmitted to the Wisconsin Department of Justice for service on Defendant **Potvin, Jetters, and Rivera**;

**IT IS FURTHER ORDERED** that under the informal service agreement, Defendants shall file a responsive pleading to the complaint within sixty (60) days;

**IT IS FURTHER ORDERED** that Defendants raise any exhaustion-related challenges by filing a motion for summary judgment within forty-five (45) days of service;

**IT IS FURTHER ORDERED** if Defendants contemplate a motion to dismiss, the parties must meet and confer before the motion is filed. Defendants should take care to explain the reasons why they intend to move to dismiss the complaint, and Plaintiff should strongly consider filing an amended complaint. The Court expects this exercise in efficiency will obviate the need to file most motions to dismiss. Indeed, when the Court grants a motion to dismiss, it typically grants leave to amend unless it is "certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Harris v. Meisner*, No. 20-2650, 2021 WL 5563942, at *2 (7th Cir. Nov. 29, 2021) (quoting *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015)). Therefore, it is in both parties' interest to discuss the matter prior to motion submissions. Briefs in support of, or opposition to, motions to dismiss should cite no more than ten (10) cases per claim. No string citations will be accepted. If Defendants file a motion to dismiss, Plaintiff is hereby warned that he must file a response, in accordance with Civil Local Rule 7 (E.D.

Wis.), or he may be deemed to have waived any argument against dismissal and face dismissal of this matter with prejudice;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $335.72 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined; and

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order.

Dated at Milwaukee, Wisconsin, this 4th day of November, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.